UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN G. KNICKERBOCKER,
      Plaintiff,

  v.                                                        Case No. 20-C-109

STATE OF WISCONSIN, *et al.*,
      Defendants.

## ORDER

Plaintiff Steven G. Knickerbocker, an inmate confined at the Redgranite Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. This case is currently assigned to Magistrate Judge Nancy Joseph. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was referred to a District Judge for entry of this order.

**A.    Background**

The plaintiff filed four previous civil lawsuits in the Eastern District of Wisconsin, all of which are closed. The first was 17-C-1058-WCG. Then-Chief District Judge Griesbach dismissed the case without prejudice when the plaintiff failed to pay the initial partial filing fee or provide an explanation for his inability to do so. Case No. 17-C-1058-WCG, ECF No. 7. Judge Griesbach also denied the plaintiff's motion, filed seven months later, to reopen the case. *Id.*, ECF No. 11. Judge Griesbach advised the plaintiff that, because the dismissal was without prejudice, he could refile his lawsuit and seek leave to proceed without prepaying the filing fee. *Id.* If he chose to do that, Judge

Griesbach explained, the court would "assess a new initial partial filing fee based upon his present earnings and account status." *Id.* at 2.

A month later, the plaintiff filed two lawsuits the same day, both before me. Case Nos. 18-C-705-LA and 18-C-706-LA. In 18-C-705-LA, the plaintiff sued many of the same defendants he sues in this case. He submitted his trust account statement and paid the initial partial filing fee, and I screened his complaint. Case No. 18-C-705-LA, ECF No. 8. The plaintiff alleged that Brown County Assistant District Attorney Dana Johnson, "out of personal hatred and revenge toward plaintiff," violated his rights related to a 2017 criminal prosecution. *Id.* at 3. The plaintiff alleged that Johnson communicated with the Outagamie County District Attorney's Office and that officials there and at the City of Appleton Police Department fabricated charges against him. *Id.* Johnson then allegedly asked his brother to represent the plaintiff in court before a different attorney, defendant Heather Kavanaugh, became involved and further violated the plaintiff's rights. *Id.* at 4. I concluded that the plaintiff's claims challenging his conviction were barred under *Heck v. Humphrey*, 512 U.S. 444 (1994), and dismissed the case without prejudice. *Id.* at 5–6. I also denied the plaintiff's motion to reopen the case. *Id.*, ECF No. 12.

In 18-C-706-LA, the plaintiff sued the same defendants as he had in 17-C-1058-WCG plus a few others. After the plaintiff paid the initial partial filing fee, I screened the complaint, dismissed it, and allowed the plaintiff to file an amended complaint. Case No. 18-C-706-LA, ECF No. 11. The plaintiff failed to file an amended complaint, and I dismissed the case for failure to prosecute. *Id.*, ECF No. 12.

In the most recent case, 19-cv-1020-JPS, the plaintiff filed a twenty-page complaint that is nearly identical to the complaint in this case. He sued the same defendants except Len Kachinski, the only defendant new to this lawsuit, and reiterated his allegations from 18-C-705-LA against Dana Johnson, Chuck Stertz, and Heather Kavanaugh. District Judge J.P Stadtmueller ordered the plaintiff to pay the initial partial filing fee, and the plaintiff responded that he had already paid the filing fee in 18-cv-705-LA. Case No. 19-C-1020-JPS, ECF No. 10. Judge Stadtmueller explained that, although the allegations in the two cases were "similar or identical," the two cases were not the same and required separate payments of the filing fee. *Id.*, ECF No. 15 at 1–2. Judge Stadtmueller granted the plaintiff an extension of time to pay the fee, but the plaintiff still failed to pay it and instead submitted three letters containing "irrelevant musings, totally divorced from the only pending issue in this case." *Id.* at 2. Judge Stadtmueller dismissed the case without prejudice. *Id.* at 2–3.[1]

**B.     Analysis**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

---

[1] The plaintiff also filed a petition for a writ of mandamus against Judge Stadtmueller in the Court of Appeals for the Seventh Circuit. Seventh Circuit Case No. 19-2918. The court denied the petition and denied what it construed as the plaintiff's petition for rehearing. *Id.*, ECF Nos. 6 & 17.

The plaintiff in the present case requests to proceed without prepaying the filing fee. ECF No. 2. The Clerk of Court directed him to submit a certified copy of his institutional trust account for the six months preceding the filing of his complaint. ECF No. 3. The plaintiff responded that because he had paid the fee in 19-C-1020-JPS (which is incorrect—he paid the initial partial filing fee in 18-C-705-LA), he would not submit his six-month institution account statement in this case. ECF No. 4. The Clerk of Court sent the plaintiff a second letter again instructing him to submit a certified institutional trust account statement or risk dismissal of his case. ECF No. 5. When the plaintiff still failed to submit his trust account statement, Magistrate Judge Joseph ordered him to submit the document, or explain why he would not submit it, by March 21, 2020. ECF No. 6. Judge Joseph explained that he need not yet send money but did need to forward the trust account statement if he wanted to proceed without prepaying the filing fee. *Id.* at 2.

The plaintiff submitted another letter alleging that he had been placed "in the hole" and asserting that "this should have been resolved in Federal Court[] by Lynn Adelman, in 2018." ECF No. 7 at 1. He also insisted that the Clerk of Court "was blocking my money from being sent." *Id.* Judge Joseph noted that the court frequently receives filings from inmates in segregation and instructed him to contact the business office at his institution to request that the trust account statement be sent to the court. ECF No. 9. Judge Joseph reminded the plaintiff that he need not yet submit money to the court and allowed him until April 17, 2020, to submit his institutional account statement. *Id.* at 2.

4

In response, the plaintiff submitted two letters. In the first he again reiterates that he submitted the fee in 18-C-705-LA, a case in which he asserts that I "should have ruled in [his] favor." ECF No. 10 at 1. He also stated that the court has his previous trust account statements and suggests he will not send a new one to calculate his initial partial filing fee in this case. *Id.* In his second letter, the plaintiff reiterates allegations from his complaint and attaches an unrelated inmate complaint. ECF No. 11.

In his previous cases, the plaintiff has shown an understanding of the court's directive to submit a proper institutional trust account statement and ability to do so. He has not shown an inability to submit that statement but rather an unwillingness to comply because he has submitted the statement and paid initial partial filing fees in his past cases. But as I and other judges in this district have repeatedly explained, the plaintiff's obligation to submit a trust account statement and pay the filing fee exists in each new case he files. That he submitted a trust account statement in years past, and in some instances paid an initial partial filing fee, does not exempt him from doing the same in this new case. Because the plaintiff has shown an unwillingness to comply with court orders, I will deny his motion to proceed without prepaying the filing fee and dismiss this case without prejudice for failure to prosecute. *See* Civil L. R. 41(c).

I also note that the plaintiff's allegations, which are identical to those in two of his previous cases, would be barred under *Heck*, as I previously explained. Case No. 18-C-705-LA, ECF No. 8 at 5–6; *see also* Case No. 19-C-1020-JPS, ECF No. 15 at 1–2. The plaintiff's new allegations against defendant Kachinski also relate to his previous conviction and would be barred under *Heck*. If the plaintiff wishes to bring these

5

challenges in federal court under § 1983, he must follow the procedure I previously explained to him. Case No. 18-C-705-LA, ECF No. 8 at 5.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice** for failure to comply with court orders and failure to prosecute. Civil L. R. 41(c).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 7th day of May, 2020

s/Lynn Adelman_____<br>
LYNN ADELMAN<br>
United States District Judge